UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br>   v.<br>ERIC MCDAVID,<br>      Defendant. | 2:06-cr-0035-MCE-GGH<br><br>MEMORANDUM AND ORDER |

The Defendant, Eric McDavid ("McDavid"), was detained on January 26, 2006, pursuant to a Detainment Order issued by the Honorable Gregory G. Hollows, United States Magistrate Judge, as a flight risk and a danger to the community. McDavid now seeks to have that Order revoked or amended.[1] For the reasons set forth below, McDavid's motion is denied.

///

---

[1] McDavid has fashioned his request for review of the Magistrate Judge's Detention Order as an appeal. As explained below, this review is properly styled as a Motion for Revocation or Amendment of the Detention Order. Accordingly, the Court will proceed as though it had been so styled.

1

# BACKGROUND

McDavid has been charged with conspiracy to destroy by explosion or fire United States Property (18 U.S.C. 844(f)(1)) as well as conspiracy to destroy a building by explosion or fire when said property was used in interstate commerce (18 U.S.C. 844(i)). McDavid is alleged to have acted in concert with Zachary Jenson and Lauren Weiner to further the aims of the Earth Liberation Front ("ELF"), a movement reputedly dedicated to destroying property associated with activities at odds with ELF's goals to protect the environment.

Prior to May 2004, McDavid's primary place of residence was with his parents in Forest Hill, California. Thereafter, McDavid traveled widely throughout the United States. Prior to and during his travels, McDavid remained unemployed and traveled without financial or other support from his family. During the period of May 2004, through September 2005, his family was not apprised of his whereabouts and lacked even minimal contact information. To the extent there was contact between McDavid and his family, it was infrequent and unilaterally initiated by McDavid.

# STANDARD

When considering a Motion for Revocation or Amendment of a Detention Order under the Bail Reform Act of 1984 ("Act"), the district court's review should be of a more plenary nature than that of a court of appeals. *United States v. Koenig*, 912 F.2d

1190, 1192 (9th Cir. 1990). The magistrate judge's detention order can be issued only after a hearing "held immediately upon the person's first appearance" unless a continuance is sought. 18 U.S.C. § 3142(f). Because of the promptness contemplated by the Act, "magistrates traditionally play a preliminary role in these determinations." *Koenig*, 912 F.2d at 1192 (quoting *United States v. Hurtado*, 779 F.2d 1467 (11th Cir. 1985)). Once that preliminary determination has been made, the person detained then has the right to "file, with the court having original jurisdiction over the offense, a Motion for Revocation or Amendment of the Order." 18 U.S.C. § 3145(b).

Because the district court is the court having original jurisdiction of the felonies charged, the district judge is not exercising appellate jurisdiction. *Koenig*, 912 F.2d at 1192 (quoting *United States v. Thibodeaux*, 663 F.2d 520, 522 (5th Cir. 1981). The district court, unlike a court of appeals, is equipped to explore and redetermine factual issues if that proves necessary. *Koenig*, 912 F.2d at 1192. Consequently, the district court's review of a magistrate's detention order is to be conducted de novo without deference to the magistrate's factual findings. *Id.*

## ANALYSIS

As noted above, McDavid is seeking to have the magistrate judge's Detention Order revoked or amended pursuant to 18 U.S.C. § 3145(b), which provides:

///

3

> Review of a detention order. -- If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

Pursuant to the Act, release on conditions is the general rule, and not the exception. *U.S. v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). In fact, the Act requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(c)(2). Generally, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Gebro*, 948 F.2d at 1121 (internal citations and quotations omitted).

Despite the foregoing general rule, Congress has set forth certain crimes for which the accused is presumed to be a flight risk and a danger to the community. *See* 18 U.S.C. § 3142(e). In the event a court finds probable cause to believe that the person committed any of the enumerated offenses listed therein, the presumption of release shifts in favor of detention. Absent countervailing evidence, the Court should presume that there is no combination of conditions that will reasonably assure the appearance of the person in court or the safety of the community if the person is released. *See Id.*

McDavid challenges his detention on the ground that the Magistrate Judge erroneously applied a no-bail presumption to

4

this case. Specifically, McDavid avers that inasmuch as the charged offense of conspiracy is not a specifically enumerated presumptive offense, the Magistrate Judge erred in denying him bail. This Court rejects McDavid's argument and, instead, finds that conspiracy to commit one of the enumerated presumptive offenses is sufficient to trigger the presumption.

A review of Section 844 reveals that Congress intended to treat conspiracy to commit a federal act of terror coextensively with unilateral commission of that same act of terror. Specifically, Section 844(n) subjects a conspirator working in concert with others to commit a federal act of terror to the same penalties as if he or she acting alone committed the act of terror. *See Id.* at 844(n). Assigning like penalties to conspirators and lone actors for commission of an act of terror shows congressional intent that acting alone or acting in concert is to be treated as equally grave. While McDavid argues that conspiracy is not itself a presumptive offense because it is not expressly enumerated, the Court finds that Section 844(n) clearly entwines conspiracy with the presumptive offenses alleged against McDavid such that the presumption is properly triggered.

In addition, it would be illogical indeed to find that Congress intended only those individuals acting alone in furtherance of federal terror to be presumptively considered a danger and a flight risk while permitting those acting in concert toward precisely that same goal to escape the presumption. Such a result is untenable.

///

///

1     Even assuming the presumption does not apply, after having
2 reviewed the record[2] in this case, the Court finds by a
3 preponderance of the evidence that McDavid is a flight risk.  The
4 Court further finds by clear and convincing evidence that
5 McDavid's release would pose a danger to the community.  The
6 Court draws its conclusions from the following factors.
7     McDavid concedes that he did not provide his family or
8 friends any avenue of contact for over eighteen months and only
9 contacted them sporadically.  While McDavid argues that he
10 routinely contacted his family and friends over the course of his
11 travels, the Court believes routine contacts unilaterally
12 initiated properly evidence a lack of familial ties rather than
13 existence of the same.  McDavid has been unemployed since 2001
14 and has proven his ability to subsist without visible means of
15 support facilitating his ability to flee.  In addition, there is
16 evidence in the record that McDavid finds human casualties an
17 acceptable risk in furthering his aims.  He has publicly
18 advocated the use of Molotov Cocktails and has been alleged to
19 have threatened to kill a confidential source.  McDavid's
20 disregard for the sanctity of human life demonstrates that his
21 release would pose a danger to the community.
22 ///
23 ///
24 ///
25 ///

---

27     [2]The Court has undertaken a detailed review of the entire record before it including magistrate judge's Detention Order, the Pretrial Services recommendation, the Indictment, and the Parties' papers including all exhibits attached thereto.

6

The record in this case is replete with evidence that there are no combination of conditions that will reasonably assure McDavid's appearance in court or the safety of the community should he be released. Accordingly, the Court finds that McDavid should remain in custody pending trial.

**CONCLUSION**

For the reasons fully explained supra, the Court orders McDavid detained pending resolution of the criminal charges levied against him.

**IT IS SO ORDERED.**

DATED: March 23, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE