BENJAMIN B. WAGNER
United States Attorney
ANDRÉ M. ESPINOSA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC MCDAVID,<br><br>Defendant. | CASE NO. 06-CR-0035-MCE<br><br>JOINT STATUS REPORT<br><br>COURT: HON. CHIEF DISTRICT JUDGE MORRISON J. ENGLAND, JR. |

The United States of America, by and through its counsel of record, André M. Espinosa, Assistant United States Attorney, and defendant, Eric McDavid ("McDavid"), by and through his counsel of record, Mark R. Vermeulen and Ben Rosenfeld, hereby stipulate and agree to this Joint Status Report, which sets forth a substantive justification for the procedural requests the parties propose the Court execute during the Status Hearing currently scheduled for January 8, 2015, and a detailed list of those proposed procedures.

I. **RELEVANT PROCEDURAL AND FACTUAL HISTORY**

   A. **McDavid's Trial and Direct Appeal**

   1.   The petitioner in this matter, Eric McDavid ("McDavid") and two co-defendants were charged with conspiring, between June 2005 and January 13, 2006, to destroy by fire or explosives one or more targets in the Sacramento area, including the United States Forest Service Institute of Forest Genetics, the Nimbus Dam, and local cellular telephone towers, in violation of 18 U.S.C. § 844(n).

   2.   McDavid's two co-defendants pled guilty, cooperated with the United States, and testified against McDavid at trial. After a 10-day trial, the jury rejected McDavid's entrapment defense

and convicted McDavid of the crimes charged in the Indictment.  The Court sentenced McDavid to 235 months in custody, and the Ninth Circuit affirmed McDavid's conviction and sentence. United States v. McDavid, 396 Fed. Appx. 365 (9th Cir. 2010), cert. denied, 131 S.Ct. 2469 (May 16, 2011).

3. McDavid is scheduled to be released from custody on or about February 10, 2023.

**B.    McDavid's Motion Under 28 U.S.C. § 2255**

4. On or about May 15, 2012, McDavid filed a motion under 28 U.S.C. § 2255, seeking collateral review of his conviction and sentence and alleging: (a) five claims of ineffective assistance by his trial and appellate counsel; (b) that the United States procured and used false testimony at trial; and (c) that the United States violated his due process rights by failing to disclose during discovery in the underlying criminal prosecution all favorable evidence material to guilt or punishment, as required under Brady v. Maryland, 373 U.S. 83 (1963).  On or about July 2, 2012, McDavid filed an amended memorandum in support of his § 2255 motion.  On or about July 31, 2012, the Court ordered the United States to respond to McDavid's § 2255 motion within 30 days.  Thereafter, the Court granted the United States' motion for an extension of time to file a response in opposition to McDavid's § 2255 motion, which the United States filed on or about October 12, 2012.

5. On or about February 22, 2013, McDavid filed a reply to the United States' opposition.

6. On or about March 6, 2013, the Court granted McDavid's motion to file an amended reply to the United States' opposition, which McDavid had filed a day earlier on March 5, 2013 (with an accompanying request for an order permitting the filing of the amended reply).

7. On or about January 30, 2014, McDavid filed a supplemental memorandum in support of his § 2255 motion, in which he raised claims based on the decisions in Alleyne v. United States, 133 S.Ct. 2151 (2013) and Peugh v. United States, 133 S.Ct. 2072 (2013).

8. Following a hearing on May 15, 2014 before the Honorable Edmund F. Brennan ("Judge Brennan"), the Court ordered McDavid to file a supplemental memorandum in support of his Brady claim and any related motion for discovery.  On or about July 14, 2014, McDavid filed an amended memorandum in support of his § 2255 motion and the Brady claims, along with a related motion for discovery.

9. On or about September 19, 2014, the Court granted the United States' request for an

extension of time to file a response to the supplemental memoranda in support of McDavid's § 2255 motion, and ordered the United States to file such response by November 17, 2014. The Court also ordered McDavid to file any reply by December 8, 2014.

10. On or about November 6, 2014, the United States disclosed to McDavid certain documents that were not disclosed to him during the criminal proceedings that preceded this matter.

11. On or about November 13, 2014, the Court accepted a stipulation between the parties, vacated the pending briefing schedule, and set a status conference on December 15, 2014.

12. On or about December 12, 2014, the United States disclosed to McDavid certain additional documents that were not disclosed to him during the criminal proceedings that preceded this matter.

13. On or about December 15, 2014, the parties appeared before Judge Brennan and presented the outline of a proposed settlement to the claims asserted in McDavid's § 2255 motion.

## II. JUSTIFICATION FOR THE PROCEDURES REQUESTED BY THE PARTIES

14. Beginning at least as early as November 2014, the parties have engaged in negotiations toward a joint settlement of the claims asserted by McDavid in his § 2255 motion. While the parties disagree about the merits of the individual claims McDavid asserts, the parties agree that, under the controlling legal authority governing collateral attacks pursuant to 28 U.S.C. § 2255, it is conceivable that this Court or a reviewing court might find that relief is warranted.

15. Thus, the parties have agreed to enter into a Final Settlement Agreement for the purpose of compromising the disputed claims in McDavid's § 2255 motion, to avoid the expenses and risks of further litigation and to advance the interests of justice. To that extent, the parties stipulate and agree that, in the interest of justice, this Court can and should grant McDavid relief pursuant to 28 U.S.C. § 2255, as set forth in the Final Settlement Agreement and herein.

16. The parties stipulate and agree that, given the absence of contest between the parties regarding whether relief is warranted under 28 U.S.C. § 2255 and regarding the appropriate remedy, no evidentiary hearing is necessary pursuant to Rule 8(a) of the Rules Governing Section 2255 Cases in the United States District Courts (the "§ 2255 Rules"). The parties stipulate and agree that, for the same reasons, no Report and Recommendation is necessary pursuant to Rule 8(b) of the § 2255 Rules. The

parties stipulate and agree that, instead of the procedures contemplated under Rules 8(a) and (b) of the § 2255 Rules, this Court can and should accept, file, and order the relief recommended by the parties in the Final Settlement Agreement concerning the Judgment and Commitment entered by the Court on May 19, 2008 and McDavid's pending § 2255 claims.

17. A recitation and explanation of the precise procedural steps proposed by the parties for the hearing on January 8, 2015 follows.

### III.    PROCEDURAL STEPS PROPOSED BY THE PARTIES

18. *First*: Pursuant to the Final Settlement Agreement and in the interest of justice, the parties jointly propose that the Court accept McDavid's waiver of indictment and plea of guilty, pursuant to a written plea agreement, to a Superseding Information charging McDavid with conspiracy to destroy by fire or explosives one or more targets in the Sacramento area, contrary to 18 U.S.C. §§ 844(f) and (i), in violation of 18 U.S.C. § 371.

19. *Second*: Pursuant to the Final Settlement Agreement and in the interest of justice, the parties jointly propose that, after accepting McDavid's waiver of indictment and plea of guilty to the Superseding Information, the Court proceed to an immediate sentencing hearing and sentence the defendant to time already served in custody.[1]  The parties also jointly propose that the Court impose no more than a two-year period of Supervised Release to follow the expiration of McDavid's custodial sentence.  The parties stipulate and agree that the Court can and should rely on the Pre-Sentence Investigation Report ("PSR") filed by the United States Probation Office for the Eastern District of California on February 21, 2008, in the underlying criminal prosecution of this matter, and that no new PSR is necessary.

20. *Third*: Pursuant to the Final Settlement Agreement and in the interest of justice, the parties jointly propose that, after the Court has imposed sentence on McDavid's plea of guilty to the Superseding Information, the Court should grant McDavid's motion under 28 U.S.C. § 2255 to the extent stipulated by the parties in the Final Settlement Agreement, and vacate the conviction and sentence finalized by the Judgment and Commitment entered by the Court on May 19, 2008, in the

---

[1] On January 8, 2015, McDavid will have served approximately 108 months, or 9 years, in custody.

US v. MCDAVID, O6-CR-0035-MCE
JOINT STATUS REPORT

4

1 underlying criminal prosecution.

2     21. *Fourth*: The parties jointly propose that following the above proceedings, the Court should accept, file, and order the relief recommended by the parties in the Final Settlement Agreement.

    22. *Fifth*: The parties jointly propose that following the above proceedings, the Court should execute and file a new Judgment and Commitment memorializing the new conviction and sentence. The parties agree and stipulate that a time-served sentence will result in McDavid's eligibility for immediate release from custody, and the parties thereafter will deliver to Bureau of Prisons officials a copy of the new Judgment and Commitment as soon as it is filed.[2]

    IT IS SO STIPULATED.

MARK R. VERMEULEN  
BEN ROSENFELD  
Attorneys for Defendant

Dated: January 5, 2015     By: /Mark R. Vermeulen  
        MARK R. VERMEULEN

BENJAMIN B. WAGNER  
United States Attorney

Dated: January 5, 2015     /André M. Espinosa  
    ANDRÉ M. ESPINOSA  
    Assistant United States Attorney

---

[2] Prior to McDavid's transfer from FCI – Terminal Island (where he has been in custody) for the January 8, 2015 hearing, the government informed Bureau of Prisons ("BOP") officials that if the Court approves the proposed resolution of this matter, McDavid will be eligible for release and will likely not return to FCI – Terminal Island. The parties are informed and believe that BOP officials at FCI – Terminal Island thereby began processing McDavid in anticipation of his release from custody on January 8, 2015.

US v. MCDAVID, O6-CR-0035-MCE  
JOINT STATUS REPORT     5