

```
BENJAMIN B. WAGNER
United States Attorney
ANDRÉ M. ESPINOSA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for the
United States of America
```

FILED

JAN -8 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 06-CR-0035-MCE |
|---|---|
| v. | FINDINGS AND ORDER ON MOTION UNDER 28 U.S.C. § 2255 |
| ERIC MCDAVID, | COURT: HON. CHIEF DISTRICT JUDGE MORRISON J. ENGLAND, JR. |
| Defendant. | |

Pursuant to the Final Settlement Agreement between the parties, in the interest of justice, and for good cause shown, the Court finds that:

1. The petitioner in this matter, Eric McDavid ("McDavid") and two co-defendants were charged with conspiring, between June 2005 and January 13, 2006, to destroy by fire or explosives one or more targets in the Sacramento area, including the United States Forest Service Institute of Forest Genetics, the Nimbus Dam, and local cellular telephone towers, in violation of 18 U.S.C. § 844(n).

2. McDavid's two co-defendants pled guilty, cooperated with the United States, and testified against McDavid at trial. On September 27, 2007, after a 10-day trial, the jury rejected McDavid's entrapment defense and convicted McDavid of the crimes charged in the Indictment. On May 8, 2008, this Court sentenced McDavid to 235 months in custody. The Ninth Circuit affirmed McDavid's conviction and sentence. United States v. McDavid, 396 Fed. Appx. 365 (9th Cir. 2010), cert. denied 131 S.Ct. 2469 (May 16, 2011).

3. On May 15, 2012, McDavid filed a motion under 28 U.S.C. § 2255, seeking collateral review of his conviction and sentence and alleging: (a) five claims of ineffective assistance by his trial

and appellate counsel; (b) that the United States procured and used false testimony at trial; and (c) that the United States violated his due process rights by failing to disclose during discovery in the underlying criminal prosecution all favorable evidence material to guilt or punishment, as required under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). On July 2, 2012, McDavid filed an amended memorandum in support of his § 2255 motion. On July 31, 2012, the Court ordered the United States to respond to McDavid's § 2255 motion within 30 days. Thereafter, the Court granted the United States' motion for an extension of time to file a response in opposition to McDavid's § 2255 motion, which the United States filed on October 12, 2012.

4. On February 22, 2013, McDavid filed a reply to the United States' opposition.

5. On March 6, 2013, the Court granted McDavid's motion to file an amended reply to the United States' opposition, which McDavid had filed a day earlier on March 5, 2013.

6. On January 30, 2014, McDavid filed a supplemental memorandum in support of his § 2255 motion, in which he raised claims based on the decisions in <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013) and <u>Peugh v. United States</u>, 133 S.Ct. 2072 (2013).

7. On May 16, 2014, the Court granted McDavid's request to file an additional supplemental memorandum in support of his § 2255 motion, which McDavid filed on or about July 14, 2014, and in which McDavid raised additional claims concerning alleged discovery violations.

8. Following a hearing on May 15, 2014 before the Honorable Edmund F. Brennan ("Judge Brennan"), the Court ordered McDavid to file a supplemental memorandum in support of his <u>Brady</u> claim and any related motion for discovery. On or about July 14, 2014, McDavid filed an amended memorandum in support of his § 2255 motion and the <u>Brady</u> claims, along with a related motion for discovery.

9. On September 19, 2014, the Court granted the United States' request for an extension of time to file a response to the supplemental memoranda in support of McDavid's § 2255 motion, and ordered the United States to file such response by November 17, 2014. The Court also ordered McDavid to file any reply by December 8, 2014.

10. On November 6, 2014, the United States disclosed to McDavid certain documents that were not disclosed to him during the criminal proceedings that preceded this matter.

2

11.     On November 13, 2014, the Court accepted a stipulation between the parties, vacated the pending briefing schedule, and set a status conference on December 15, 2014.

12.     On December 12, 2014, the United States disclosed to McDavid certain additional documents that were not disclosed to him during the criminal proceedings that preceded this matter.

13.     On December 15, 2014, the parties appeared before Judge Brennan and presented the outline of a proposed settlement to the claims asserted in McDavid's § 2255 motion.

14.     The parties disagree about the merits of the individual claims asserted in McDavid's § 2255 motion. However, the parties agree and stipulate to enter into a Final Settlement Agreement for the purpose of compromising the disputed claims in McDavid's § 2255 motion, to avoid the expenses and risks of further litigation, and to advance the interests of justice. That Final Settlement Agreement, together with exhibits thereto, has been filed with the Court.

15.     Given the absence of contest between the parties regarding whether relief is warranted under 28 U.S.C. § 2255 and regarding the appropriate remedy, no evidentiary hearing is necessary pursuant to Rule 8(a) of the Rules Governing Section 2255 Cases in the United States District Courts (the "§ 2255 Rules"). For the same reasons, no Report and Recommendation is necessary pursuant to Rule 8(b) of the § 2255 Rules.

16.     At a hearing held on January 8, 2015, this Court, pursuant to the Final Settlement Agreement between the parties, accepted McDavid's waiver of indictment and plea of guilty, pursuant to a written plea agreement, to a Superseding Information charging McDavid with conspiracy to destroy by fire or explosives one or more targets in the Sacramento area, contrary to 18 U.S.C. §§ 844(f) and (i), in violation of 18 U.S.C. § 371. Thereafter, the Court imposed sentence on McDavid for the crime charged in the Superseding Information.

**Accordingly**, pursuant to the Final Settlement Agreement between the parties, in the interest of justice, and for good cause shown, it is hereby

**ORDERED** that, the parties' request to enter into and be bound by the Final Settlement Agreement shall be and is hereby **GRANTED**; and it is further

**ORDERED** that, to the extent stipulated by the parties in the Final Settlement Agreement, McDavid's motion under 28 U.S.C. § 2255 shall be and is hereby **GRANTED**; and it is further

1     **ORDERED** that, McDavid's conviction and sentence, memorialized in the Judgment and
Commitment filed on May 19, 2008, shall be and are hereby **VACATED**; and it is further

    **ORDERED** that, the Court shall issue a new Judgment and Commitment reflecting the conviction and sentence imposed today in this matter.

Date: January 8, 2015.

*[signature]*

MORRISON C. ENGLAND, JR.
Chief Judge, United States District Court