MARK J. REICHEL, State Bar #155034
THE LAW OFFICES OF REICHEL & PLESSER
455 CAPITOL MALL, 8th FLOOR, SUITE 802
Sacramento, California  95814
Telephone: (916) 498-9258
FAX:       (888) 567-2949
mark@reichellaw.com
www.reichellaw.com

Attorney for Defendant
ERIC TAYLOR MCDAVID

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ERIC TAYLOR MCDAVID<br><br>  Defendant.<br>_____ | Case No. CR-S-06-035 MCE<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ORDER REQUIRING THE GOVERNMENT TO SHOW CAUSE HOW AND WHY IT WITHHELD DOCUMENTS FROM THE DEFENSE WHICH IT SHOULD HAVE PRODUCED PRIOR TO TRIAL**<br><br>Date : September 3, 2015<br>Time : 9:00 a.m.<br>Judge: HON. Morrison C.<br>       England |

### REPLY

The government, in its Opposition to Defendant's Motion for an Order to Show Cause ("Motion," Dkt. No. 473), attacks a series of straw man arguments without addressing itself to the Motion's actual request. Contrary to the government's assertions, the Motion in no way seeks to collaterally challenge the terms of the plea and settlement agreements, to raise any new claim, to relitigate any issue in the settled 2255 Motion, or to compel production of any documents from

Reply Mtn For OSC

the government. Rather, as the government does acknowledge, the Motion invokes the Court's broad inherent power to order the government to show cause "how and why" it withheld so many overtly discoverable documents from the defendant (Motion at 1:22; emphasis added) -- including prominently the defendant's correspondence with the informant, the FBI's behavioral analysis of defendant and corresponding instructions to the informant, and documents concerning the FBI's call for and abrupt cancellation of a polygraph examination of the informant.

Contrary to the government's assertion, the Motion plainly does not ask the Court to determine whether Brady and Rule 16 violations occurred. Rather, it is based on the understanding that *Brady* and Rule 16 violations did occur. At the hearing on January 8, 2015, the Court rightly referred to the government's withholding as "*Brady* with a capital B." (Motion at 4:22 (quoting the Court from the reporter's transcript of the January 8, 2015 hearing (emphasis added).) The government itself acknowledged at the same hearing: "If these documents had come to the attention of the prosecutors, we believe they would have been turned over as *Brady* material." (1/8/15 RT at 20:20-22.) Similarly, the government has acknowledged the impropriety of its withholding, calling it "inadvertent" and a "mistake." (See Motion (Dkt. No. 472) at 4:2-12 (citing and quoting earlier statements by the government to the Court and the news media).) It is axiomatic that even the government's inadvertent failure to produce documents to a defendant that

would have been helpful to the defense constitutes a Brady violation.

The government argues, without offering any showing or support, that "McDavid's request for an Order to Show Cause is merely an effort to re-litigate his settled § 2255 claims, cloaked as an attempt to invoke the Court's inherent powers" (Opposition at12:11-12), and that "McDavid's argument that the United States should have disclosed the FOIA Documents in the discovery process in his criminal prosecution is a naked attempt to re-litigate his settled § 2255 claims." (Opposition at 16:18-19). But a simple reading of the Motion makes clear that it is in no way an effort to relitigate the 2255 claims, let alone revisit the plea or sentence.[1] The government also states it is considering whether to seek to void the plea agreement and sentence based merely on the suggestion in the Motion that the Court follow up on its previously stated interest to determine "what happened." (See Opposition at 11, FN 6, and Motion at 4:18-22 (quoting the Court from January 8, 2015).)[2] The government has not explained its rationale for believing this might constitute a

---

[1] Nor, as the government contends, does the Motion "asks the Court to order the United States to produce un-redacted copies of the FOIA Documents produced by the FBI, which were redacted pursuant to the exemption provisions of the FOIA." (Opposition at 1:23-25.) Nowhere does the Motion ask the Court to order the government to produce any documents.

[2] The defense does not intend, by the Motion, to cast aspersions on any particular individual or agency, and does not dispute that the U.S. Attorney's Office negotiated the settlement of defendant's 2255 motion in good faith. But the simple fact remains that only the government can account for the grave "mistakes" made, and it should do so, lest those mistakes be repeated.

breach of the plea and settlement agreements, and defense counsel is at a loss to see how any reading of those instruments could support such a view.  Defendant has not breached the terms of the plea and settlement agreements and has no intention of doing so.  Certainly, on January 8, 2015, defendant's 2255 counsel could have affirmed the Court's inquiry to the government – "what happened?" – without departing from the plea and settlement agreements.[3]  There should be no different result in the present context. The Motion merely asks the Court to follow up on its own stated interest to determine from the government why it withheld acknowledged *Brady* materials, guided and protected by the most cherished principles of open government and accountability.

    Respectfully submitted

    August 27, 2015


                                  /s/  *Mark Reichel*
                                    Mark Reichel

---

[3] New revelations spilled out even during the January 8, 2015 hearing, for instance, that the long withheld correspondence was found easily in a file in the FBI's Sacramento Field Office.  (1/8/15 RT at 18:22 – 19:3.)